UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FRANKLIN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:12-CV-361 |
| | ) | |
| NATHAN & NATHAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a suit for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The case is before the Court to address the Motion for Summary Judgment filed by the defendant Nathan & Nathan. The plaintiff, Franklin Stewart ("Stewart") has responded to the defendant's motion, this matter has been thoroughly briefed, and it is now ripe for disposition. For the reasons set out below, the defendant's Motion for Summary Judgment will be granted.

*I. STANDARD OF REVIEW*

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

1

Though the burden of establishing there is no genuine issue of material fact lies upon the moving party, *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the nonmoving party cannot rest upon mere allegations or denials in its pleadings, but must go beyond the pleadings and offer "specific facts" to show there is a genuine issue for trial. *Matsushita,* 475 U.S. at 586-87.

## *II. DEFENDANT'S UNDISPUTED FACTS*

1. Plaintiff filed this suit on August 22, 2012, alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq.

2. Plaintiff has alleged only one count, based on the failure of Defendant's employee to state in a voicemail message that the call was from a debt collector.

3. The message at issue in this call stated:

> The following message is intended for Franklin Stewart. If you are not Franklin Stewart, please discontinue listening to this message. By continuing to listen to this message you acknowledge that you are Franklin Stewart. Franklin, my name is Sherry [sic] and I am calling from the Law Office of Nathan & Nathan. If you can please return my call at 866-498-5400, extension 232. Thank you.

4. In every other call to Plaintiff, when Defendant's employees left a voicemail message for Plaintiff the message stated that it was from a debt collector, that Defendant was attempting to collect a debt, and that any information would be used for that purpose.

5. In calls placed to other debtors both before and after the call at issue Defendant's employee "Sherry" [sic] stated in the voicemail messages that she left that the call was from a debt collector, that Defendant was attempting to collect a debt, and that any information would be used for that purpose.

2

6. At the time he received the voicemail at issue, Plaintiff knew that Defendant was a debt collector.

7. The message at issue disclosed that it was from Defendant.

8. Plaintiff understood from the message at issue that it was from a debt collector.

### *III. PLAINTIFF'S UNDISPUTED FACTS*

1. In the voicemail at issue in this action, Defendant's telephone collection agent did not actually state that the call was from a debt collector

2. Although Defendant may provide telephone collection agents a sample "script" stating that the call is from a debt collector, Defendant has produced no written policy requiring a telephone collection agent to use this script.

3. Although Defendant may provide telephone collection agents a sample "script" stating that the call is from a debt collector, Defendant's telephone collection agents were not required to keep the script posted in their cubicles.

4. Although Defendant may provide telephone collection agents a sample "script" stating that the call is from a debt collector, Defendant has produced no written policy providing that any additional training or discipline will result from a failure to do so.

5. After this lawsuit was filed and Defendant determined that the voicemail at issue did not explicitly state that it was from a debt collector, Defendant's telephone debt collector "Sherri," was issued a verbal reprimand for the voicemail at issue. She received no additional discipline, including a "write up" or written reprimand, as a result of the voicemail at issue in this case.

6. Other than Sherri's reprimand as a result of Plaintiff's lawsuit, Defendant has provided no evidence that any employee of Defendant has been demoted, docked in pay, or otherwise disciplined for the failure to identify a call as coming from a debt collector.

7. The only consequences for violation of a federal regulation by an employee of Defendant are ineligibility for a bonus for 60 days, and a "write up," a notation in the employee's file. Eventually, enough write ups could result in denial of a pay raise, but would never result in a reduction in pay. The only other possible result of a violation is that it "eventually" "could" lead to termination, although there is no specific number of write-ups which would lead to termination.

8. Defendant's call-monitoring practices are not real-time, but rather, calls are evaluated only after they have been completed, leaving no opportunity to correct an omission while the call is still ongoing.

## *IV. ANALYSIS*

Defendant contends that there are no genuine issues of material fact and it is entitled to judgment as a matter of law because the undisputed facts show that (1) the message left for the plaintiff was not a "communication" as defined in 15 U.S.C. § 1692e(11); and (2) even if the call at issue did violate § 1692e, the violation was unintentional and occurred notwithstanding the maintenance of procedures reasonably adapted to avoided the alleged violation, i.e. the defendant is entitled to a "*bona fide* error defense."

Stewart first submits that Nathan &Nathan violated § 1692e(11) of the FDCPA by leaving a voicemail on his phone which failed to inform him that it was a debt collector. Section 1692e(11) requires a debt collector to disclose, during an "initial communication with the consumer," whether it "is attempting to collect a debt and that any information obtained will be

4

used for that purpose" and during "subsequent communications," the consumer must be informed "that the communication is from a debt collector." 15 U.S.C. § 1692e(11). The statute defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

In its motion for summary judgment, Nathan & Nathan contends that section 1692e(11) does not apply to the voicemail because it was merely a follow-up communication to two prior letters, which clearly stated that it was a debt collector and Stewart admitted in his deposition that he knew that Nathan & Nathan was a debt collector. In the alternative, asking this Court to follow the reasoning of the Western District of Oklahoma in *Biggs v. Credit Collections, Inc.*, 2007 U.S. Dist. Lexis 84793 (W.D. Okla. Nov. 15, 2007), the defendant contends voicemail is not a communication within the meaning of the FDCPA because the necessary disclosure was not contained in the voicemail and the word debt was not used, Stewart, on the other hand, maintains that the statute requires that all "subsequent communications"—including the voicemail—must disclose Nathan & Nathan's identity as a debt collector regardless of whether this fact had been disclosed to him at an earlier time.

The case at bar is directly on point with *Brody v. Genpact Services, LLC* in which the court held:

> Defendant's representative divulged only one piece of nongeneric information during the entire course of the voicemail message, namely, the identity of his employer. Viewing the complaint in a light most favorable to plaintiff, the Court finds that the word "Genpact," alone, cannot "reasonably be construed to imply a debt." *Marx v. General Revenue Corp.,* 668 F.3d 1174, 1178 (10th Cir.2011) (holding that fax sent on collection company letterhead did not constitute a "communication" under the FDCPA); *see also Hanson v. Green Tree Servicing, LLC,* No. 12–2933, 2013 WL 4504290, at *2, 2013 U.S. Dist. LEXIS 120060, at *4 (D. Minn. Aug. 23, 2013) (ruling that "telephone call at issue did not convey

5

> any information-directly or indirectly-regarding [plaintiff's] debt ... as the message revealed only the name of the caller, the name of her company and a call-back number."). Furthermore, although plaintiff's response brief cites numerous cases in support of her position that defendant's voicemail message is a "communication," those cases were factually inapposite. *See e.g. Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1351 (11th Cir.2009) (collection call referenced plaintiff's file number); *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643, 648 (S.D.N.Y.2006) (collection call referenced "personal business matter."). Consequently, defendant's voicemail message was not a "communication" under the FDCPA and the section 1692e(11) claim must fail as a result.

2013 WL 5925168, at *3 (E.D. Mich. 2013).

In this case, and defendant's representative divulged only one piece of nongeneric information during the entire course of the voicemail message, namely, the identity of her employer, i.e. Nathan & Nathan. Significantly, the plaintiff here also relies on *Edwards* and *Foti* to support his position that the voicemail is a communication. However, the Court finds the reasoning in *Brody* persuasive and, defendant's motion for summary judgment will be granted.

## *V. CONCLUSION*

Based upon the foregoing reasons, it is hereby **ORDERED** that the defendant's motion for summary judgment is **GRANTED**, and the plaintiff's complaint is **DISMISSED WITH PREJUDICE**. [Doc. 29].

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
